IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ORASURE TECHNOLOGIES, INC.** : <br> Plaintiff, : <br> : <br> v.  : <br> : <br> **NOWDIAGNOSTICS, INC.** et al., : <br> Defendants. : | Civil No. 5:24-cv-06116-JMG |

## ORDER REGARDING EXAMINATION OF FORENSIC IMAGES

WHEREAS Plaintiff OraSure Technologies, Inc. ("OraSure") has asserted claims for trade secret misappropriation under federal and state law against Defendants NowDiagnostics, Inc. ("NowDx"), Jody Berry ("Berry"), and Janean Young ("Young;" collectively, "Defendants"), which Defendnats have denied;

WHEREAS OraSure has identified 17 emails that it alleges contain OraSure trade secret information (the "OraSure Trade Secrets")[1] that it alleges were misappropriated by Defendants;

WHEREAS OraSure served NowDx a First Set of Requests for Production of Documents for Full Merits Discovery (the "Document Requests") in which Request Nos. 1 and 2 of the Document Requests seek forensic images of the NowDx computers that were used by Berry and Young respectively (the "Berry and Young NowDx Computers");

WHEREAS NowDx objected to the production of the forensic images of the Berry and Young Work Computers;

---

[1] The trade secret status of this information is in dispute by the Parties, and the Court's characterization of the information as the "OraSure Trade Secrets" is solely for ease of reference.

WHEREAS OraSure's stated basis for the production of the forensic images of the Berry and Young Work Computers is so that, through examination by its forensic expert, it can examine them to determine whether any OraSure Trade Secret information was deleted;

WHEREAS the Court has determined that evidence regarding whether the OraSure Trade Secrets were deleted from the Berry or Young NowDx Work Computers is relevant and probative;

**AND NOW**, this 18th day of August, 2025, upon consideration of the correspondence submitted by OraSure (ECF No. 201) and NowDx (ECF No. 202) and the telephonic conference before the Court on July 22, 2025, where this dispute was addressed, **IT IS HEREBY ORDERED** as follows:

1. Within seven (7) days of this Order, NowDx shall provide OraSure with Microsoft Exchange and OneDrive Audit Logs from Berry and Young's NowDX Microsoft 365 accounts.

2. Within seven (7) days of this Order, NowDx shall produce to OraSure the logical forensic images without user-created files for the Berry and Young Work Computers.

3. The logical forensic images shall preserve and provide all forensic artifacts including $MFT, $Journal, System Volume Information, Recycle Bin, Unallocated space, LNK/Shellbag/UserAssist/Prefetch, Registry, user profile NTUSER.DAT, and browsing history.

4. The logical forensic images will not include user-created files such as Microsoft Office, PDF, and email, containing NowDX information. However, the logical forensic images shall allow the OraSure forensic expert to obtain and examine the metadata for user-created files.

5. The logical forensic images can be examined using industry-standard forensic processes determined in good faith by OraSure's forensic expert necessary to determine whether deletion occurred, including, but not limited to, manually and using a variety of commercial and open-source forensic tools.

6. OraSure shall take no steps related to the materials produced pursuant to this Order other than the above-described process for determining whether deletion of the OraSure Trade Secrets occurred.

7. The above-described process and any material generated from it shall be Attorneys' Eyes Only pursuant to the Protective Order [ECF No. 31].

8. This Order may be modified upon application by any Party, provided that the Parties confer in good faith before any application is made.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge