**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ORASURE TECHNOLOGIES, INC. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:24-cv-06116-JMG |
| | : | |
| NOWDIAGNOSTICS, INC. et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 23rd day of July, 2026, upon consideration of Plaintiff's Motion to Reopen Fact Discovery for Limited Purpose (ECF No. 218), Plaintiff's Motion to File Under Seal (ECF No. 219), and the Report and Recommendation of Special Master Amy Kurland, Esq. (ECF No. 221), **IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation (ECF No. 221) is **APPROVED** and **ADOPTED**.[1]

---

[1] Plaintiff filed a Motion to Reopen Fact Discovery for a Limited Purpose, seeking leave to obtain targeted discovery concerning the factual basis for Defendant's misappropriation claim. The Court referred the matter to the Special Master, Amy Kurland, Esq., for a Report and Recommendation ("R&R"). On July 8, 2026, the Special Master issued an R&R recommending that the Court deny Plaintiff's Motion to Reopen Fact Discovery. Plaintiff did not file objections.

This action arises from competing trade-secret claims involving the design and development of diagnostic tests. As relevant here, NowDiagnostics, Inc. ("NowDx") alleges that an OraSure employee improperly obtained a NowDx prototype diagnostic test and disclosed it to Defendant Janean Young, who was then employed by OraSure. Ms. Young subsequently left OraSure and joined NowDx. OraSure deposed Ms. Young on December 9, 2024. Nearly a year later, on November 15, 2025, NowDx produced a declaration from Ms. Young (the "Declaration") in support of its counterclaim.

The Special Master determined that Plaintiff's lack of diligence in pursuing discovery related to the Declaration is, standing alone, sufficient to deny the request to reopen discovery. The Special Master further concluded that Plaintiff already possesses ample evidence to challenge the Declaration's accuracy and credibility without additional discovery.

2.       Plaintiff's Motion to Reopen Fact Discovery for Limited Purpose (ECF No. 218)

is **DENIED**.

3.       Plaintiff's Motion to File Under Seal (ECF No. 219) is **DENIED**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

The Court agrees. The Special Master's analysis is well-reasoned and supported by the record. Plaintiff has not demonstrated good cause under Rule 16(b)(4) to reopen discovery. The record reflects that Plaintiff had a full and fair opportunity to explore Ms. Young's testimony during discovery and elected not to pursue the additional information it now seeks. Plaintiff's present request appears directed not toward remedying any genuine inability to obtain information but toward supplementing a record that could have been developed earlier with reasonable diligence. Reopening discovery at this stage would therefore be unnecessary.

Accordingly, and for the reasons set forth in the R&R, as supplemented by this Order, the Court adopts the Special Master's R&R in full.